```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/12/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY McCAMBELL, Derivatively on
Behalf of ANAVEX LIFE SCIENCES
CORP.,

      Plaintiff,

v.

CHRISTOPHER U. MISSLING,
ATAHNASIOS SKARPELOS, BERND
METZNER, ELLIOT FAVRUS, and
STEPHEN THOMAS,

      Defendants,

And

ANAVEX LIFE SCIENCES CORP.,

      Nominal Defendant.

Civil Action: 1:16-cv-02035-JMF

**STIPULATION AND [PROPOSED] ORDER REGARDING TEMPORARY
STAY OF ACTION AND RELATED MATTERS**

WHEREAS, on March 18, 2016, plaintiff Mary McCambell ("Plaintiff") filed a shareholder derivative complaint ("*Derivative Action*") on behalf of Nominal Defendant Anavex Life Sciences Corp. ("Anavex" or the "Company") in the aforecaptioned action, alleging violations of law, breach of fiduciary duty, gross mismanagement, abuse of control, and unjust enrichment against certain of the Company's officers and directors (collectively with Nominal Defendant Anavex, "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties");

WHEREAS, on December 30, 2015, a shareholder securities action captioned *Cortina vs. Anavex Life Sciences Corp. et al.*, Case No. 15-cv-10162, was filed in this Court (the "*Securities Action*");

WHEREAS, by Order dated March 22, 2016, this Court contemplated consolidating the *Securities Action* and the *Derivative Action* for pretrial purposes;

WHEREAS, on April 13, 2016, this Court entered an order requiring the amended complaint in the *Securities Action* to be filed by May 13, 2016;

WHEREAS, the undersigned counsel for Nominal Defendant Anavex and Defendants Christopher Missling, Athanasios Skarpelos and Elliot Favus accepted service of the Summons and Complaint on their behalf in the *Derivative Action*;

WHEREAS, Defendants Bernd Metzner and Steffen Thomas are citizens of Germany;

WHEREAS, based upon the circumstances unique to this case, and to avoid the unnecessary expenditure of judicial resources, the parties to this action have agreed, subject to Court approval, to the entry of an Order Staying the *Derivative Action* pending further proceedings in the *Securities Action*;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by Plaintiff and Defendants, through their undersigned counsel of record and subject to approval of the Court, as follows:

1. All proceedings in the *Derivative Action* except for service of process on those Defendants who have not accepted service or been served and except for any motions made for the purpose of effecting service of process on those Defendants who have not accepted service or been served shall be stayed until any of the following triggering events (the "Triggering Events"): (i) the entry of any order(s) denying any portion of any motions to dismiss in the

*Securities Action*, or a final order dismissing the *Securities Action* with prejudice; (ii) a joint request by Plaintiff and Defendants to lift the stay of proceedings; (iii) a request by Plaintiff to lift the stay in the event a related derivative action is filed with a court and not stayed after 30 days of its filing; and (iv) an order of the Court in the *Derivative Action* to terminate the stay; provided, however, that neither the filing of an amended complaint in this action nor the production of materials pursuant to paragraph 5 herein shall constitute a Triggering Event or shall otherwise affect the pendency of the stay.

2. Notwithstanding a stay of the *Derivative Action*, Plaintiff is permitted to file an amended complaint.

3. The Defendants shall not be required to move, answer, plead or otherwise respond to the Complaint (or any amended complaint) during the pendency of the stay of proceedings.

4. After the occurrence of any of the Triggering Events, the Parties shall meet and confer and submit a proposed schedule to the Court for further proceedings in this *Derivative Action* (including a schedule for the filing of Defendants' response to the operative Complaint or the filing of an amended complaint); provided, however, that the Parties reserve the right to move for a continued stay of this case at that time.

5. In the event that Defendants provide any discovery (formal or informal) in the *Securities Action*, in any factually related shareholder derivative action purportedly brought on behalf of Anavex, or in response to any factually related investigation demand, while this case is stayed pursuant to this stipulation, Defendants agree to promptly provide Plaintiff in the *Derivative Action* with any and all such discovery, provided that the parties have executed and the Court has entered a protective order and that the discovery will be subject to said protective order and will be used exclusively for the purpose of the *Derivative Action*.

6. The Parties shall notify each other of any related derivative lawsuits that they become aware of.

7. In the event that Defendants agree to engage in a mediation in the *Securities Action* or any other factually-related shareholder derivative action purportedly brought on behalf of Anavex while this *Derivative Action* is stayed pursuant to this stipulation, Defendants agree to provide Plaintiff with reasonable advance notice of the mediation.

8. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein.

**IT IS SO STIPULATED.**

Dated: May 11, 2016

**GAINEY McKENNA & EGLESTON**

By: *Thomas J. McKenna*

Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0380
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Attorneys for Plaintiff Mary McCambell*


Dated: May 11, 2016

By: *[signature]*

**DECHERT, LLP**

David Kistenbroker
Melanie C. MacKay
35 W. Wacker Drive Suite 3400
Chicago, IL 60601
Telephone: 312-646-5800
Facsimile: 312-646-5858
Email: david.kistenbroker@dechert.com
Email: melanie.mackay@dechert.com

*Attorneys for Nominal Defendant Anavex Life Sciences Corp. and Defendants Christopher Missling and Athanasios Skarpelos*

**SO ORDERED:**

*[signature]*

JESSE M. FURMAN, DISTRICT JUDGE
United States District Court
Southern District of New York

May 12, 2016